UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TERREE WOLFERT, on behalf of herself and a putative class comprised of similarly situated employees of Defendants, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:08CV1643 TIA |
| UNITEDHEALTH GROUP, INCORPORATED, and UNITED HEALTHCARE SERVICES, INC., | ) ) ) ) | |
| Defendants. | ) | |

**ORDER GRANTING FINAL**
**APPROVAL OF CLASS ACTION SETTLEMENT**

The matter having been submitted to the Court for approval and entry of an Order to (1)

Finally Certify a Settlement Class; (2) Finally Approve Class Action Settlement; and (3) Award

Attorney's Fees ("Final Order") and Judgment consistent with the Court's May 5, 2009

Preliminary Approval Order, and as set forth in the Parties' Class Action Settlement Agreement

("Settlement Agreement") (Docket No. 34-3), and due and adequate notice having been given to

Class Members as required by the Preliminary Approval Order, and the Court having considered

all papers filed and proceedings herein, and having received no objections to approval of the

Settlement, and determining that the Settlement is fair, adequate and reasonable, and otherwise

being fully informed and good cause appearing therefore, **IT IS HEREBY ORDERED,**

**ADJUDGED AND DECREED AS FOLLOWS**:

1. The Court **GRANTS** final approval of the terms and conditions contained in the

parties' Class Action Settlement Agreement ("Settlement Agreement"). The Court hereby finds

that the Settlement Agreement was entered into in good faith and further finds that the Settlement

is fair, reasonable, and adequate, and in the best interest of each of the parties and the plaintiff

class members. The named plaintiff has satisfied the standards and applicable requirements for

final approval of this class action Settlement under federal law, including the provisions of Fed. R.

Civ. P. 23.

2.       Because adequate notice has been disseminated and all potential State Subclass

members have been given an opportunity to opt out of this action and all potential Federal

Subclass member have been given an opportunity to opt in to this action, the Court has

jurisdiction over the subject matter of this proceeding and over all parties to this proceeding,

including all class members. In addition, the Court has personal jurisdiction over all class

members with respect to this action and the Settlement.

3.       Distribution of the class notices directed to the class members, as set forth in the

Settlement Agreement, has been completed in conformity with the preliminary approval order

(Doc. # 36), including individual notice to all class members who could be identified through

reasonable efforts, and the best notice practicable under the circumstances. The class notice

provided due and adequate notice of the proceedings and of the matters set forth in the

preliminary approval order, including the proposed settlement as set forth in the Settlement

Agreement and fully satisfied the requirements of applicable law. The class notices also provided

due and adequate notice to class members of their right to exclude themselves from the

Settlement and / or include themselves in the Settlement, as applicable, as well as their right to

object to any aspect of the proposed settlement.

4.       The Court observes that no objection to the Settlement Agreement has been filed

by any class member after expiration of sufficient opportunity to object.

5.     The Court hereby approves the Settlement as set forth in the Settlement Agreement and finds that the Settlement is, in all respects, fair, adequate, and reasonable, and directs the parties to effectuate the Settlement according to the terms outlined in the Settlement Agreement. The Court finds that the Settlement has been reached as a result of intensive, serious and non-collusive arms-length negotiations, including mediation. In granting final approval of the Settlement Agreement, the Court considered the nature of the claims, the amounts and kinds of benefits paid in settlement, the allocation of settlement proceeds among the Class Members, and the fact that a settlement represents a compromise of the parties' respective positions rather than the result of a finding of liability at trial. Additionally, the Court finds that the terms of the Settlement Agreement had no obvious deficiencies and did not improperly grant preferential treatment to any individual Class Member. Accordingly, the Court finds that the Settlement Agreement was entered into in good faith. The Court also finds that the Plaintiff Class is properly certified for settlement purposes.

6.     As of the date of this Final Order, the named plaintiff and all State Subclass members who did not affirmatively opt-out shall be bound by the releases set forth in the Settlement Agreement. Further, as of the date of this Final Order, the Federal Subclass members who opted in to this action shall likewise be bound by the releases set forth in the Settlement Agreement. Except as to such rights or claims that may be created by the Settlement Agreement, all State Subclass members as of the date of this Final Order who did not timely opt out and all Federal Subclass members who timely opted in are hereby forever barred and enjoined from prosecuting or seeking to reopen the settled claims, and any other claims released by the

Settlement Agreement, against the Released Parties.

7.      The Court hereby confirms Mark Potashnick of Weinhaus & Potashnick and Kristin Whittle-Parke of the Law Office of Kristin F. Whittle as Class Counsel, and finds that Class Counsel have adequately represented the plaintiff class for purposes of entering into and implementing the Settlement Agreement.

8.      The Court hereby finds the gross settlement fund provided under the Settlement Agreement to be fair and reasonable. The Claims Administrator, Rust Consulting, shall distribute the settlement funds, attorney's fees, class representative's incentive award and claims administrator's fee in accordance with the terms of the Settlement Agreement within ten (10) days of the date of entry of this Final Order.

9.      Pursuant to the terms of the Settlement Agreement, and the authorities, evidence and argument set forth in Class Counsel's application, an award of attorneys' fees and expenses in the total amount of $133,954.59 as final payment for and complete satisfaction of any and all attorneys' fees and expenses incurred by and/or owed to Class Counsel is hereby granted. The Court finds that the approved amount of Class Counsel's request falls within the range of reasonableness and that the result achieved justifies the award. The payment of fees and costs to Class Counsel shall be made from the gross settlement fund in accordance with the terms of the Settlement Agreement. Accordingly, the Court **GRANTS** Plaintiffs' Combined Application for Attorneys' Fees (Docket No. 37).

10.      The Court also hereby approves, and order payment to, Terree Wolfert in the amount of $30,000.00 less attorneys' fees as set forth in the Settlement Agreement for her services as class representative and as consideration for providing a general release. Payment of

this class representative incentive award shall be made from the gross settlement fund in accordance with the terms of the Settlement Agreement.

11.     The Court further approves the payment of $20,000.00 to the Claims Administrator, Rust Consulting, per the terms of the Settlement Agreement.  Any charges of Rust Consulting in this matter exceeding $20,000.00 shall be paid solely by Defendants separately from the settlement fund.

12.     Accordingly, the Court approves and orders the calculations and the payments to be made and administered to the plaintiff class in accordance with the terms of the Settlement Agreement.

13.     Without affecting the finality of the Settlement or Judgment, this Court shall retain exclusive and continuing jurisdiction over the parties, including all class members, relating to the Action and the administration, consummation, enforcement and interpretation of the Settlement Agreement, this Final Order, the Final Judgment, and for any other necessary purpose.

14.     With respect to Class Members, any and all disputes and claims alleged in the Third Amended Complaint and any and all claims released in the Settlement Agreement are hereby dismissed with prejudice.

15.     The terms of the Settlement Agreement and this Final Order are binding on the named plaintiff, all other state subclass members who did not opt out, and all Federal Subclass members who opted in, as well as their heir executors and administrators, successors and assigns, and those terms shall be *res judicata* and hold other preclusive effect in all pending and future claims, lawsuits or other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits or other proceedings constitute released claims as set forth in the

Settlement Agreement.

**IT IS SO ORDERED.**


                                                       /s/ Terry I. Adelman          
                                            UNITED STATES MAGISTRATE  JUDGE


Dated this  21st  day of August, 2009.